**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **RICHARD IRVING BECKMAN** | ) | |
| **AND KARI ANN BECKMAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **V.** | ) | |
| | ) | **NO. 1:23-CV-06000-SEG** |
| **REGINA CAELI, INC. a/k/a** | ) | |
| **REGINA CAELI ACADEMY AND** | ) | *Electronically Filed* |
| **FATHER AUGUSTINE TRAN** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**PLAINTIFFS' RESPONSE TO**
**DEFENDANT FR. TRAN'S SECOND AMENDED MOTION TO DISMISS**
**AND JOINDER IN RCA'S MOTION TO DISMISS**</u>

NOW COME Plaintiffs Richard Irving Beckman ("<u>Rich</u>") and Kari Ann

Beckman ("<u>Kari</u>") (collectively, the "<u>Beckmans</u>"; "<u>Plaintiffs</u>") and file this response

to the *Second Amended Motion to Dismiss and Joinder in RCA's Motion to Dismiss*

(Doc. No 70, and referred to herein as the "<u>Motion</u>") filed by Father Augustine Tran

("<u>Fr. Tran</u>"), and in support hereof would respectfully show the Court the following:

## I.     SUMMARY

The Court should deny the Motion on the following grounds:

- The Court possesses subject-matter jurisdiction over this action. The Court can adjudicate this case under secular, neutral legal principles that do not require the Court to resolve any religious controversies or delve into the matters of internal church governance. Therefore, dismissal is not warranted

pursuant to the ecclesiastical abstention doctrine. *See Carrier v. Ravi Zacharias Int'l Ministries, Inc.*, No. 1:210CV-3161-TWT, 2022 U.S. Dist. LEXIS 87758, at *11-12 (N.D.Ga.Atl., May 13, 2022) (*citing Jones v. Wolf*, 443 U.S. 595, 603 (1979). *See also Shannon v. Mem'l Drive Presbyterian Church United States*, 476 S.W.3d 612, 622 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("A court may interpret church documents under neutral principles of law when it can do so in purely secular terms without relying on religious precepts in resolving the conflict.").

- Plaintiffs' causes of action against Fr. Tran pass 12(b)(6) muster and should not be dismissed.

Furthermore, Plaintiffs object to the filing of this Motion on the grounds that it is substantially duplicative of Fr. Tran's First Amended Motion to Dismiss (Doc No. 26) despite the removal of certain arguments mooted by the Order Transferring Venue to this Court (Doc. No. 55). In sum, the necessity to respond to this Motion is a waste of financial resources for all parties involved and fails to add any substantial merit to Fr. Tran's earlier Motions.

## II.    ARGUMENT AND AUTHORITY

### A.    The Court Should Not Dismiss this Case Pursuant to the Ecclesiastical Abstention Doctrine

The ecclesiastical abstention doctrine arises from the Free Exercise Clause of the First Amendment and provides that the First Amendment prohibits civil courts from exercising jurisdiction over matters concerning "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them." *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713-14 (1976); *see also Eglise Baptiste Bethanie De*

*Ft. Lauderdale, Inc. v. Seminole Tribe of Fla.*, 824 F.App'x 680, 682-83 (11th Cir. 2020).

However, "the Supreme Court and the Eleventh Circuit have rejected an absolute rule that civil courts are powerless to resolve any church property dispute. Courts may apply a neutral-principles approach in cases that involve[] no consideration of doctrinal matters . . . ." *Carrier*, 2022 U.S. Dist LEXIS 87758, at *12 (*citing Jones v. Wolf*, 443 U.S. at 603) (*Internal Quotations Omitted*). Further, "there is no authority or reason precluding courts from deciding other types of church disputes by application of purely secular legal rules, so long as the dispute . . . can be decided without resolving underlying controversies over religious doctrine." *Id.* (*citing Puri v. Khalsa*, 844 F.3d 1152, 1165 (9th Cir. 2017)).

"While . . . the First Amendment to the United States Constitution afford[s] broad protection to the free exercise of religion, they do not necessarily bar all claims which may touch on religious conduct." *Tilton v. Marshall*, 925 S.W.2d 672, 677 (Tex. 1996). The Free Exercise Clause does not protect actions in violation of social duties or are subversive to good order. *Id.*; *see also Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 12 (Tex. 2008) ("[R]eligious practices that threaten the public's health, safety, or general welfare cannot be tolerated as protected religious belief."). "[C]ourts do have jurisdiction to review matters involving civil, contract, or property rights even though they stem from a church controversy." *Lacy v.*

*Bassett*, 132 S.W.3d 119, 123 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (*citing Dean v. Alford*, 994 S.W.2d 392, 395 (Tex. App.—Fort Worth 1999, no pet.).

"In determining whether the ecclesiastical abstention doctrine applies, courts must analyze whether a particular dispute is 'ecclesiastical' or simply a civil law controversy in which church officials happen to be involved." *Shannon v. Mem'l Drive Presbyterian Church United States*, 476 S.W.3d 612, 622 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Tran*, 934 S.W.2d at 743). "A court may interpret church documents under neutral principles of law when it can do so in purely secular terms without relying on religious precepts in resolving the conflict." *Shannon*, 476 S.W.3d at 622 (*citing Hawkins v. Friendship Missionary Baptist Church*, 69 S.W.3d 756, 759 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). Further, in *Clarke v. Miracle Temple Ministries Inc.*, No. 6:13-cv-1250-Orl-22TBS, 2014 U.S. Dist. LEXIS 39164, at *12–13 (M.D.Fla, Mar. 5, 2014), the court stated: "[t]his case involves contract interpretation as well as the intentions, expectation, and obligations of the parties. It does not—as a core issue—involve any questions of [religious] discipline, faith, ecclesiastical rule, custom, or law." *Id. (citing* 66 AM.JUR.2D RELIGIOUS SOCIETIES § 14 (2014) (*Internal Quotations Omitted*). "The First Amendment does not provide religious organizations absolute immunity from civil liability." *Nation Ford Baptist Church Inc. v. Davis*, 876 S.E.2d 742, 750 (N.C. 2022). "The dispositive question is whether is whether resolution of the legal claim

requires the court to interpret or weigh church doctrine." 714 S.E.2d 806, 810 (N.C.App. 2011) (*Internal Quotations Omitted*).

Regina Caeli, Inc. a/k/a Regina Caeli Academy ("RCA") is a non-profit corporation formed under the laws of the State of Georgia. RCA operates educational institutions on campuses throughout the United States, including five (5) campuses in Texas. No formal or informal affiliation exists between RCA and the Catholic Church. Fr. Tran is an employee, corporate officer, and member of the board of directors of RCA, as well its chaplain.

Given the foregoing uncontested facts, application of the ecclesiastical abstention doctrine is inappropriate here. Fr. Tran seeks to conflate RCA, a Georgia non-profit corporation, with the Catholic Church, despite no affiliation existing between the two – a fact Fr. Tran concedes in his Declaration. *See* Declaration at ¶ 5. Simply stated, RCA is not a church and its code of conduct, despite being informed by the teachings of the Catholic Church, does not implicate the disciplinary process of the Catholic Church. In this respect, Fr. Tran's reliance on *Westbrook v. Penley*, 231 S.W.3d 389, 397 (Tex. 2007), is misguided because *Westbrook* required the court intrude on the internal disciplinary process of a *church* – not the code of conduct of a non-profit corporation with no formal affiliation to the Catholic Church.

The crux of Plaintiffs' complaint arises from Fr. Tran's wrongful, self-interested disclosure of Kari's private, confidential, and protected information to

RCA—a private, non-profit corporation.  All Plaintiffs' claims against Fr. Tran can be interpreted under secular, neutral legal principles and do not require the Court to resolve any religious controversies or delve into the matters of internal church governance.  This is simply a civil law controversy in which a priest happens to be involved and does not rise to a level that justifies dismissal pursuant to the ecclesiastical abstention doctrine.

**B.    Plaintiffs' Causes of Action Against Fr. Tran are Sufficiently Pleaded and Should Not be Dismissed**

Fr. Tran alleges that Plaintiffs' fraud, negligent misrepresentation, professional negligence, and defamation claims fail on two grounds: (1) it was Rich, not Fr. Tran, that disclosed the existence of Kari's inappropriate relationship; and (2) Plaintiffs fail to specify what confidential information Fr. Tran allegedly disclosed. Both these grounds are based on unreasonable readings of the Amended Complaint and are without merit.

Plaintiffs do not allege as the basis for any of its allegations Fr. Tran's disclosure of the existence of the affair. Plaintiffs concede that Rich, at the direction of RCA's religious liberty attorneys, disclosed the existence of the affair to RCA's Board of Directors and certain RCA Officers. However, Plaintiffs assert that during a meeting of RCA's Board of Directors occurring on October 31, 2021, Fr. Tran inappropriately revealed details of the confidential conversations Kari and Fr. Tran had during her mental health crisis in an apparent effort to influence the Board of

Directors, stating in summary: "I know I told you during our phone call that you had not ruined everything, but now I think you have." In the same meeting, Fr. Tran accused Kari of not being repentant after hearing her confession approximately one week prior. Fr. Tran reiterated his accusations in an email he sent to Kari on November 2, 2021. At or around this time, Fr. Tran publicly referred to Kari as a narcissist, despite having no training or experience as a mental health professional, and encouraged others to disassociate themselves from Kari—including two of Kari and Rich's own children. *See* Amended Complaint at ¶ 51.

Fr. Tran's subsequent disclosure of confidential information and allegations of narcissism and lack of repentance uniquely damaged the Beckmans, notwithstanding prior disclosure of Kari's inappropriate relationship, and further exacerbated Kari's diagnoses of Complex Post-Traumatic Stress Disorder and Complex Grief.  But for Fr. Tran's and RCA's actions, Kari may have more completely recovered by now.

Based on the foregoing, the Court should refuse to dismiss any of Plaintiffs' causes of actions pleaded against Fr. Tran on 12(b)(6) grounds.

### III.    CONCLUSION

This Court possesses subject-matter jurisdiction over this matter. Additionally, the causes of action as pleaded against Fr. Tran in Plaintiffs' Amended Complaint pass the muster of Rule 12(b)(6). Based on the foregoing, Plaintiffs

respectfully request the Court deny the Motion and grant Plaintiffs all other and further relief at law and in equity to which Plaintiffs may demonstrate themselves entitled.

Respectfully submitted this 25th day of January, 2024.

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**
1200 Smith Street, 14th Floor
Houston, Texas 7002
Telephone: (713) 658-1818
Facsimile (713) 658-2553

*/s/ Juan F. Vasquez, Jr.*

JUAN F. VASQUEZ, JR.
juan.vasquez@chamberlainlaw.com
Admitted *Pro Hac Vice*

DAVID M. MEDINA
david.medina@chamberlainlaw.com
Admitted *Pro Hac Vice*

STUART H. CLEMENTS
stuart.clements@chamberlainlaw.com
Admitted *Pro Hac Vice*

SCOTT M. RATCHICK
scott.ratchick@chamberlainlaw.com
GA Bar No. 595136

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Plaintiffs Richard Beckman and Kari Beckman hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B):  Time New Roman (15 point).

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

*/s/ Stuart H. Clements*
Stuart H. Clements
Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on January 24, 2024 as follows.

Steven R. Press
spress@bakerdonelson.com
Tyler Bishop
tbishop@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
3414 Peachtree Rd, NW, Suite 1500
Atlanta, GA 30326

*Counsel for Defendant RCA*

Barbara A. Marschalk
marschalkb@deflaw.com
Taylor Alig
aligt@deflaw.com
DREW ECKL & FARNHAM, LLP
303 Peachtree St., Suite 3500
Atlanta, GA 30308

*Counsel for Defendant Fr. Tran*

Keith Sieczkowski
ksieczkowski@branscomblaw.com
BRANSCOMB PLLC
802 North Carancahua, Suite 1900
Corpus Christi, TX 78470-0700

Stephen M. Forte
sforte@srlaw.com
Sasha N. Greenberg
sgreenberg@sgrlaw.com
Matthew W. Clarke
mclarke@sgrlaw.com
SMITH, GAMBRELL & RUSSELL,
LLC
1105 W. Peachtree St NE, Suite 100
Atlanta, GA 30309

*Counsel for Defendant Roman Catholic
Archdiocese of Atlanta*

*/s/ Juan F. Vasquez, Jr.*
Juan F. Vasquez, Jr.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **RICHARD IRVING BECKMAN** | ) | |
| **AND KARI ANN BECKMAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **V.** | ) | |
| | ) | **NO. 1:23-CV-06000-SEG** |
| **REGINA CAELI, INC. a/k/a** | ) | |
| **REGINA CAELI ACADEMY AND** | ) | *Electronically Filed* |
| **FATHER AUGUSTINE TRAN** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF TECHNICAL DIFFICULTIES

Please take notice that counsel for Plaintiffs was unable to file the attached *Plaintiffs' Response to Defendant Fr. Tran's Second Amended Motion to Dismiss and Joinder in RCA's Motion to Dismiss* (the "Document") in a timely manner due to technical difficulties.  The deadline for filing this document was January 24, 2024. The reason(s) that I was unable to file the document in a timely manner and the good faith efforts I made prior to the filing deadline to both file in a timely manner and to inform the Court and the other parties that I could not do so are set forth below.

The evening of January 24, 2024, counsel unsuccessfully attempted to log on to the CM/ECF system for the Northern District of Georgia to file the Document, but did not have access to the filing tools.  In an effort to timely file, after being

unsuccessful, co-counsel also attempted to log on and file, but they also did not have access to the filing tools. Due to the CM/ECF system being inaccessible to all Plaintiffs' counsel, counsel sent an e-mail to the Court's Courtroom Deputy and counsel for all other parties noticing the technical difficulties and attaching the Document.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**
1200 Smith Street, 14th Floor
Houston, Texas 7002
Telephone: (713) 658-1818
Facsimile (713) 658-2553

*/s/ Stuart H. Clements*
STUART H. CLEMENTS
stuart.clements@chamberlainlaw.com
Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

31310656.v2