IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD IRVING BECKMAN AND KARI ANN BECKMAN,  Plaintiff,  v.  REGINA CAELI, INC. a/k/a REGINA CAELI ACADEMY AND FATHER AUGUSTINE TRAN  Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 1:23-cv-06000-SEG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REGINA CAELI, INC. A/K/A REGINA CAELI ACADEMY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Regina Caeli, Inc. a/k/a Regina Caeli Academy ("RCA") hereby files its Reply in Support of its Motion to Dismiss [Doc. 91].

**I.   INTRODUCTION**

The Beckmans continue their past behavior with this litigation. First, they publicly announced Kari's infidelity, then sued RCA for any damage perceived from Kari's announcement. Now, they file of record countless references to Kari's infidelity in three successive Complaints and besmirch RCA for repeating those allegations. *E.g.* [Doc. 37] at ¶ 39-46, 48-49, 51, 58, 62, 64, 90-91, 98-99. It is not RCA who uses "inflammatory language to fixate on Kari's "scandalous infidelity"; it is the Beckmans who keep raising that issue again and again as though RCA is to

blame. [Doc. 93] at 2. It is not, and the Beckmans should no longer be allowed to blame others for the results of their own actions.

As evidenced by the analysis the Beckmans assign to the tort, fraud, contract, defamation, and copyright claims, neither resonates on paper nor with the Beckmans. *Id*. at 7-12. Instead, this entire civil action is grounded upon a tax dispute, which claim fails in its own right. *Id*. at 12-19. For all their bluster about "hostile takeovers" and the smorgasbord of common law contract and tort claims, [Doc. 37] at ¶ 67, the Beckmans admit they would have walked away but for RCA's issuance of updated tax documents on the advice of its accountants. *Id*. at ¶ 73. The Beckmans' tax obligations are between them and the IRS and/or DOJ. RCA has no part in those disputes, nor should the Court allow RCA to become a *de facto* indemnitor through this action – especially when the law lays the responsibility for the tax burden squarely at the Beckmans' feet, not RCA's. 26 U.S.C. § 4958(a)(1), (b). But the Court need not reach any of the miscast claims or tax dispute because the Ecclesiastical Abstention Doctrine deprives the Court subject matter jurisdiction.

Separate and apart from the Ecclesiastical Abstention Doctrine, the Beckmans claims are due to be dismissed for failure to set forth plausible facts establishing the indispensable elements of each claim:

| Count | Claim | Fails Because |
|---|---|---|
| A | Texas | Texas Declaratory Judgment Act does not apply in |

|  |  |  |
|---|---|---|
|  | Declaratory Judgment Act | Federal Court. *Piazzo v. Allstate Indemnity Co.*, 601 F. Supp. 3d 189, 195 (S.D. Tex. 2022). |
| **B-C** | Fraud & Negligent Misrepresentation | The alleged reliance asserted for both claims is per se unreasonable. "[U]nfulfilled hopes do not support a claim for fraud." *Next Century Comms. Corp. v. Ellis*, 214 F. Supp. 2d 1366, 1370 (N.D. Ga. 2002). The fraud claim is premised on the allegation the Board "supported" Kari's self-imposed medical leave. What is meant by "support" is left to Kari's hopes but "unfulfilled hopes do not support a claim for fraud." *Id.* Similarly "[a] party's reliance on another's prediction of a future event is not justifiable as a matter of law." *Id.* |
| **B** | § 7434 | Beckmans are not the class of victims the statute seeks to protect. Jacob L. Todres, *Torts, Tax Reporting, and Preemption: Is There Tort Liability for Incorrect Information Reports?*, 28 J. CORP. L. 259, 281 (2003).<br><br>FLSA preempts Rich's claim he was improperly identified as an independent contractor. *Liverett v. Torres Advanced Enter. Sols. LLC*, 192 F. Supp. 3d 648, 653-55 (E.D. Va. 2016).<br><br>"Convenience of employer" exemption inapplicable because Beckmans were not required to accept lodging as a condition of employment. 26 U.S.C. § 119(a)(2).<br><br>Vehicular use is a fringe benefit which must be included in gross income calculations. 26 C.F.R. § 1.132-5(b)(iii).<br><br>Beckmans engineered alleged excess benefit transaction; RCA has no tax liability, and Beckmans should not be allowed to force an indemnity given they acted *in pari delicto*. Alternatively, Beckmans fail to plausibly allege willful falsification in reporting same $37,500 benefit on both their tax forms. This was, at most, an accident negating the indispensable willfulness element. *Ocwen Federal Bank, FSB*, 311 F. Supp. 2d 766, 769 (N.D. Ind. Apr. 2, 2004) (dismissing |

3

| | | |
|---|---|---|
| | | § 7434 claim where the plaintiffs did nothing more than allege error or mistake). |
| **D** | Defamation | <u>Tax Claim</u>: Statements in tax forms are privileged & unactionable. *Klayman v. Jud. Watch, Inc.*, 2007 WL 140978, at *18 (D.D.C. Jan. 17, 2007); *Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214303, at *12 (C.D. Cal. Jan. 31, 2011)<br><br><u>Tort Claim</u>: Failed to allege: (1) false or defamatory statement; <u>and</u> (2) special damages as required by libel per quod. The comment in an email that the RCA engaged in succession planning prior to Kari's resignation is not defamatory, period. If analyzed further, the statement is substantially true, not verifiably false, and opinion. If analyzed even further, the statement is not defamatory per se because it does not charge Kari with a crime, dishonesty, or immorality. Thus, the claim is libel per quod, and Kari was required to plead special damages but failed to do so. This flaw is fatal. |
| **E** | Copyright Infringement | Licensure status is determinable on Motion to Dismiss, and Kari has not plausibly alleged her allowing RCA to use the logo and mission statement (which were not registered until *after* she resigned) for 19 years (the last 14 during which she received compensation in exchange for the use and her other services) failed to confer an irrevocable nonexclusive implied license. |
| **F** | Conversion of Intellectual Property Claim | Preempted by federal copyright act; missing indispensable allegation RCA unlawfully retained the "tangible object" embodying Kari's work. *Berge v. Bd. of Trs. of the Univ. of Alabama*, 104 F.3d 1453 (4th Cir. 1997). |
| **H** | Breach of Contract (educational services contract) | Plaintiffs failed to identify any material term of the contract relating to access to school property or graduation. However, the claim is moot because graduation has already occurred and no children attend RCA. Finally, Plaintiffs do not allege any damages flowing from the alleged breach, and extracontractual damages are barred under the economic loss rule in any event. [Doc. 91] at 23. |

4

| I | FLSA | Rich admitted in judicio he was an exempt volunteer. 29 C.F.R. § 553.101.<br><br>Two year statute of limitations limits claims to those accruing on or after January 25, 2021. 29 U.S.C. § 255(a). |
|---|---|---|
| J | Breach of contract (Rich) | Statute of limitations bars any claims before 2015. O.C.G.A. § 9-3-24.<br><br>Rich only alleges breach of: "one or more enforceable agreements"; he does not plausibly allege offer, consideration, or acceptance or define any material terms of any alleged agreement. |

## II.  ARGUMENT AND CITATION TO AUTHORITY

### A.  Plaintiffs Confirm Ecclesiastical Abstention Doctrine Applies.

Plaintiffs' argument against the Ecclesiastical Abstention Doctrine proves it applies. At bottom, the Beckmans complain Kari was fired for her affair. Thus, the core disagreement is about "conformity of members of the church to the standards of morals required of them," which is precisely the type of theological disciplinary issue that the doctrine routinely insulates from court adjudication. *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 719 F. App'x 926, 928 (11th Cir. 2018). Plaintiffs seek to resist the Doctrine's application by employing the same arguments dispatched by Fr. Tran's instructive Reply brief, which RCA fully joins. Therefore, Plaintiffs' arguments again "miss the mark." *Carrier v. Ravi Zacharias Int'l Ministries, Inc.*, 2022 WL 1540206 (N.D. Ga. May 13, 2022). As noted in *Carrier* (upon which Plaintiffs

rely), the Court shall not make inherently ecclesiastical determinations such as what it means to be a "faith-filled, moral, and upstanding Christian leader." *Id.* at *5. Therefore, the Ecclesiastical Abstention Doctrine applies because the alleged termination would have been based purely on church doctrine prohibiting adultery.

Plaintiffs conclude with: "RCA apparently overlooks the principle of forgiveness for the penitent sinner." [Doc. 93] at 7. Reliance on that principle as applied to Kari's sin makes RCA's argument. This court lacks jurisdiction.

### B. Plaintiffs' Merits Claims Fail.

#### 1. Texas Declaratory Judgment Act Claim Fails on its Face.

Plaintiffs allege RCA misconstrues their declaratory judgment claim. *Id*. at 12. This is not true. RCA simply applies the law to the face of Plaintiffs' claims. The Second Amended Complaint seeks "a declaratory judgment" in "accordance with the Texas Uniform Declaratory Judgments Act[.]" [Doc. 37] at ¶ 86. However, this state law is inapplicable in federal court. *Piazzo*, 601 F. Supp. 3d at 195. This ends the inquiry. "Plaintiffs cannot amend their Complaint through their brief in response to the motion to dismiss[.]" *Brannen v. United States*, 2011 WL 8245026, *5 (N.D. Ga. 2011); [Doc. 93] at 15 n.5. This claim should be dismissed.

#### 2. Disappointed Expectations Do Not Support Fraud and Negligent Misrepresentation Claims.

Kari premises her fraud and negligent misrepresentation claims on the notion the Board falsely "supported" her self-imposed medical leave and gave "no

6

indication of any intention to terminate" her. [Doc. 93] at 8. But Kari's undescribed and "unfulfilled hopes do not support a claim for fraud." *Next Century*, 214 F. Supp. 2d at 1370. Further, the plain language of Kari's allegations seek to vindicate an alleged reliance interest on future events. [Doc. 37] at ¶ 91. However, "[a] party's reliance on another's prediction of a future event is not justifiable as a matter of law." *Next Century*, 214 F. Supp. 2d at 1370. Therefore, Kari's alleged reliance on any Board representation is de facto unreasonable, and her claims fail.

Another independently sufficient reason to dismiss is Kari's failure to comply with the Eleventh Circuit's Rule 9(b) pleading standard. *Omnipol, A.S. v. Multinational Def. Servs., Ltd. Liab. Co.*, 32 F.4th 1298, 1307 (11th Cir. 2022) (fraud claims must identify "the who, what, when, where, and how of the fraud alleged"). Kari's Response's untimely attempt to salvage her fatally deficient allegations underscores the noncompliance and confirms dismissal is appropriate.

First, Kari contends she satisfies the **"who"** of the fraud by identifying the then-current RCA Board members for the first time in a footnote to her Response. [Doc. 93] at 8 n.2 (Fr. Tran, James Faber, Dan Saegeart, and Frank Scarchilli.). These individuals are not identified in the Complaint. Setting aside the fact Kari cannot supply necessary (but absent) allegations through briefing, *Brannen*, 2011 WL 8245026, *5, Kari has still failed to identify who on the Board allegedly

7

uttered the non-actionable statement of "support." Was it the entire Board? If so, did they say it in unison? Or was it one member? Maybe two? Second, Kari fails to identify **"where"** the statement was uttered. The impermissible attempt at amendment only notes it was "at a meeting" – *not* where the meeting was held. Was it in the speaker's home? A hotel? In a parking lot? Finally, Kari also fails to identify **"when"** the unidentified individual uttered the nonactionable "support" statement. Instead, she only identifies the nondescript period of "the last two weeks of October 2021." [Doc. 93] at 8. Was it a Monday? Sunday after mass? On Halloween? A date-certain is required.

Rule 9(b) exists to ensure these questions are answered in particularized pleadings. Even if Kari had alleged plausible reliance (and she cannot since reliance on predictions of future events are not actionable), Kari's failure to allege the "who, what, where, when, and how" of the fraud is fatal. *Omnipol*, 32 F.4th at 1307. Kari's fraud and negligent misrepresentation claims should be dismissed.

### 3. The Beckmans' § 7434 Claim Fails.

First, the Beckmans are not in the class of victims § 7434 was enacted to protect. That statute was enacted to solve a specific policy problem: fraudulent reporting of large amounts of income for judges and law enforcement officials. *See* Todres, *supra* (citing 4 BORIS I. BITTKER & LAWRENCE LOKKEN, FEDERAL TAXATION OF INCOME, ESTATES AND GIFTS 111–33 (2d ed. Supp. 2002)). The

Beckmans are not judges or law enforcement officials, so § 7434 should not apply.

Second, FLSA preempts the Beckmans' claim with respect to whether Rich was an independent contractor or employee (and Rich has asserted an FLSA claim). *Liverett*, 192 F. Supp. 3d at 653-55. This claim fails.

Third, alleged Board ratification of the Beckmans' lodging at Veritatis Splendor is irrelevant. The "convenience of employer" lodging exemption only applies if the employee is required to accept lodging as a condition of employment, 26 U.S.C. § 119(a)(2), and the Beckmans do not allege they were. Relatedly, alleged ratification of the Beckmans' vehicle use is also irrelevant, as IRS "fringe benefit" regulations dictate employer-provided automobiles are included in gross income. 26 C.F.R. § 1.61-21. Here, the Beckmans allege they "primarily used the vehicle for business-related activities." [Doc. 37] at ¶ 31. Since the use was not *exclusively* business related, the vehicle was required to be included in Kari's gross income calculation. 26 C.F.R. § 1.132-5(b)(iii). These claims fail.

Finally, the Beckmans cannot use this Court to avoid or shift tax liability for an excess benefits transaction *they engineered*. An excess benefit transaction is "any transaction in which an economic benefit is provided by an applicable tax-exempt organization directly or indirectly to or for the use of any disqualified person if the value of the economic benefit provided exceeds the value of the consideration (including the performance of services) received for providing such

9

benefit." 26 U.S.C. § 4958(c)(1)(A). A "disqualified person" is anyone who is, or at any time in the last five years has been, in a position to influence substantially the affairs of the tax-exempt organization or a member of the family of such a person. 26 U.S.C. § 4958(f)(1)(A). Disqualified persons engaging in excess benefits transactions are subject to an excise tax of 25% of the excess benefit (or 200% if not timely corrected). 26 U.S.C. § 4958(a)(1), (b).

The Beckmans are indisputably "disqualified persons" since they served as Executive Director and President at the time. While Plaintiffs stop short of admitting they conceived Veritatis Splendor and prodded RCA to undertake the project, this reasonable inference sings from the face of the Complaint. The Court need look no further than the Beckmans' styling themselves as the "caretakers" of the Veritatis Splendor property, Kari as the "foundress," and noting Kari's media appearances advertising the project. [Doc. 37] at ¶¶ 30, 33, 48. Thus, there is no leap in fact or logic for the Court to infer the Beckmans orchestrated the below-market purpose of the lodge on the Veritatis Splendor property as a benefit to themselves at the expense of RCA's charitable funds. Because the Beckmans provide nothing more than the formulaic recitation their time on the VS Property exceeded the consideration of the discount, they have not plausibly pleaded their way around the excess benefit transaction they engineered. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court should not allow the Beckmans to impose an ad hoc indemnity or penalty where Congress and the IRS did not. *See* 26 U.S.C. § 4958 (imposing excess benefits penalties on individuals, not tax exempt entities). This is especially true considering the common law doctrine of *in pari delicto* bars plaintiffs from recovering for their own wrongful conduct. *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306, 310-11 (1985). Indeed, the Beckmans acted with the only fault here. To the extent Plaintiffs allege the $37,500 discount they received on the purchase of the lot was reported for both Kari and Rich and was therefore double-counted, this allegation indicates only an honest mistake *and not* the willful falsification required to state a claim under § 7434. *Ocwen*, 311 F. Supp. 2d at 769 (dismissing § 7434 claim where the plaintiffs did nothing more than allege error or mistake). The same goes for the Beckmans' allegation RCA may have overlooked receipts the Beckmans left in the lodge before vacating and which, according to the Beckmans, may substantiate some credit card charges. *Id*.; [Doc. 37] at ¶ 83. This claim fails.

### 4. <u>Kari Ignores Fatal Deficiencies in Libel Per Quod Claim</u>.

Kari's defamation *per se* claim is facially deficient because it is not injurious on its face. *Zarach v. Atlanta Claims Ass'n*, 231 Ga. App. 685, 688 (1998). Here, the allegedly defamatory statement reads in full:

> This leadership team, which has been in place for the past year and has been effectively running the organization, is the result of our ongoing succession planning.

[Doc. 27-4] at 3. Kari's sole allegation related to the claimed falsity of this statement is that "succession planning had never been contemplated" [Doc. 37] at ¶ 60. Setting aside the fact that the statement is not defamatory,[1] succession planning is necessary for all corporations, *Bos. v. Blue Cross & Blue Shield of Kansas, Inc.*, 431 F. App'x 763, 767 (10th Cir. 2011), the complained-of statement cannot support libel per se because it does not charge Kari with "a crime, dishonesty, or immorality." *Zarach*, 231 Ga. App. at 688. Therefore, Kari's defamation *per se* claim fails, and Kari must travel under libel per quod.

However, Kari's libel per quod claim is fatally flawed for Kari's failure to plead indispensable elements: (1) falsity (*see* above); and (2) special damages. Fed. R. Civ. P. 9(g); *McGee v. Gast*, 257 Ga. App. 882, 885 (2002) (granting motion to dismiss for failure to plead special damages). "[T]he special damages required . . . must be the loss of money or some other material temporal advantage *capable of being assessed in monetary value*[.]" *Id.* at 885 (emphasis added). However, Plaintiffs plead the exact opposite, alleging she suffered "wrongs or injuries *incapable of specific monetary valuation.*" [Doc. 37] at ¶¶ 109-10 (emphasis

---

[1] An opposite statement claiming an utter lack of succession planning could be defamatory.

added). Kari does not challenge this fact in her Response. This claim fails.

Finally, Plaintiffs do not contest that tax documents cannot support defamation claims. *Klayman*, 2007 WL 140978, at *18; *Bakst*, 2011 WL 13214303, at *12 (excess benefit transactions statements privileged). Thus, the defamation claim should be dismissed in full.

> **5. Plaintiffs' Factual Allegations Confirm the Copyright Infringement Claim is Due to be Dismissed.**

Without citation, the Beckmans' Response asserts that "the authority upon which RCA relies concedes that the determination of the existence of a nonexclusive license is an evidentiary-based inquiry." [Doc. 93] at 11. False. Contrary to Plaintiff's assertions, courts are able to determine license statuses at the motions stage. *See U.S. Vinyl Mfg. Corp. v. Colour & Design Inc.*, 2013 WL 123409319 (N.D. Ga. Mar. 25, 2013) (determining Plaintiff's license had not terminated and granting Motion to Dismiss).

Here, Plaintiffs do not deny that Kari's prior conduct of allowing RCA to use the copyrights for over a decade in exchange for compensation from 2008-2021. [Doc. 37] at ¶ 112. Therefore, taking all Plaintiffs' allegations as true, as the Court must at the pleadings stage, the Court needs no further evidence to correctly conclude Plaintiffs created an irrevocable nonexclusive implied license to the copyrights and/or abandoned them through the overt act of allowing RCA to use them without any written license or attribution for nearly twenty years. 4-13

13

NIMMER ON COPYRIGHT § 13.06. This claim fails.

### 6. Conversion of Intellectual Property Claim is Preempted.

Plaintiffs failed to point to any allegation RCA "unlawful[ly] ret[ained] . . . the tangible object embodying plaintiff's work," and one was required. Therefore, this claim is preempted. 6A Fed. Proc. Forms § 17:57 & n.16.

### 7. No Breach of Contract to Educate.

Rather than providing the absent, material terms of an alleged contract "to provide educational services for their children," the Beckmans reiterate that they were allegedly denied access to a campus where their daughter "atten__ded__" (past tense) school. [Doc. 93] at 11. Plaintiffs concede RCA completed its alleged contract to educate because their daughter graduated,[2] fail to identify any damages for educational services purchase but not received, and do not seek an injunction compelling RCA to admit them or their children to a school function. *See id*. Therefore, this claim fails.

### 8. Rich Failed to Allege Willful Violation by Kari to extend FLSA Statute of Limitations.

Plaintiffs' only response to RCA's Motion to Dismiss the FLSA claims is to attempt to inject ambiguity into their clear allegations. Plaintiffs' attempt is estopped by their judicial admissions. Plaintiffs admit in judicio: "Rich Beckman volunteered his time" and "never collected a salary in 19 years of service[.]" [Doc.

---

[2] The Beckmans pulled their other children out of RCA. [Doc. 27-1] at ¶ 22.

37] at ¶¶ 34, 76. These judicial admissions, which cannot be controverted or withdrawn, mean Rich falls squarely into a FLSA exemption for volunteers. *See* 29 C.F.R. § 553.101. Therefore, this claim fails.

Further, Plaintiffs failed to refute the FLSA's two-year statute of limitations for non-willful violations to Rich's claims. 29 U.S.C. § 255(a). The reason is obvious – Plaintiffs want to avoid addressing the unwaivable conflict of interest which would ensue by answering the simple, dispositive question of: "Who, other than Kari as Executive Director, would have willfully deprived Rich of compensation for nearly 20 years?" This claim should be dismissed in its entirety. At a minimum, all pre-January 25, 2021, damages are time-barred.

### 9. Rich Failed to Cure Fatal Flaws in Contract Claims.

Plaintiffs also failed to refute RCA's defenses to Rich's breach of contract claim, opting instead to focus on the FLSA claim. [Doc. 93] at 12. Therefore, Rich's nondescript claims for breaches of "one or more" unidentified contracts fail for lack of plausible allegations of offer, acceptance, and consideration. [Doc. 91] at 24-25. At a minimum, claims before 2015 are time-barred under Georgia's six-year statute of limitations. O.C.G.A. § 9-3-24.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the Second Amended Complaint in full.

Respectfully submitted this 22nd day of March 2024.

        **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

        */s/ Steven R. Press*
        Steven R. Press
        Georgia Bar No. 587199
        Tyler Bishop
        Georgia Bar No. 566705
        3414 Peachtree Road NE, Suite 1500
        Atlanta, GA 30326
        Telephone: (404) 577-6000
        Facsimile: (404) 221-6501
        spress@bakerdonelson.com
        tbishop@bakerdonelson.com

        *Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the pleading has been prepared in Times New Roman, 14-point type, which is of the font selections approved by the Court in Local Rule 5.1(B).

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com

*Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*

## CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing was filed and served via the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia, which will automatically send email notification to all counsel of record.

Respectfully submitted this 22nd day of March 2024.

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com

*Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*