## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RICHARD IRVING BECKMAN** | ) | |
| **AND KARI ANN BECKMAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **NO. 1:23-CV-06000-SEG** |
| **REGINA CAELI, INC. a/k/a** | ) | |
| **REGINA CAELI ACADEMY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiffs Richard Irving Beckman ("Rich") and Kari Ann Beckman ("Kari") (together with Rich "Plaintiffs" or "Beckmans") and Defendant Regina Caeli Inc. a/k/a Regina Caeli Academy ("Defendant" or "RCA"), jointly submit the following Amended Joint Preliminary Report and Discovery Plan pursuant to this Court's Order dated September 23, 2024 [Doc. 97].

**1.    Description of Case:**

*(a)    Describe briefly the nature of this action.*

By Plaintiffs:

Plaintiffs filed their original Complaint in this case on January 25, 2023 following the termination and ouster of the Plaintiffs from their positions with RCA. Plaintiffs founded RCA approximately twenty years ago, which provides a classical

Catholic education using hybrid homeschooling methodology and grew RCA into a thriving non-profit organization with 27 centers in the United States and the United Kingdom.  Until on or around October 2021, RCA Foundress, Kari, served as Executive Director and Rich served as President and Chairman of the Board of Directors.  Beginning with the mandatory resignation of Plaintiffs in or around October 2021, RCA engaged in a pattern of behavior, causing injury to the Plaintiffs, including copyright infringement, tax fraud claims under Section 7434 of the Internal Revenue Code ("IRC"), and labor and employment claims under the Fair Labor Standards Act ("FLSA"). Plaintiffs have spent over 18 months responding to motions to dismiss, which this Court addressed in its September 23, 2024 Order.

By Defendant:

This is a case that never should have been filed. This Court has confirmed as much by dismissing the lion's share of Plaintiff's claims, noting "[s]everal of the claims asserted in this action were arguably frivolous," and admonishing Plaintiffs and their counsel to "heed their Rule 11 obligations as the case proceeds into the next phase of litigation." [Doc. 97] at 64 n.14 (citing Fed. R. Civ. P. 11(b).

Following the Court's Order on the Motions to Dismiss, Plaintiff's only remaining claims are: (1) alleged violation of 26 U.S.C. 7434 (Count 2); (2) alleged negligent misrepresentation related to tax documents (Count 3); (3) alleged defamation related to tax documents (Count 4); (4) alleged copyright infringement

(Count 5); and alleged violation of the FLSA (Count 9). RCA denies liability for all of these claims and further denies Plaintiffs are entitled to any relief.

RCA has also counterclaimed against Plaintiffs for declaratory judgments to establish that the copyrights are invalid, RCA has not infringed the copyrights, and recover its attorneys' fees for this bad faith litigation.

*(b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.*

<u>By Plaintiffs:</u>

Beginning in or around October 2021, following Plaintiffs termination and ouster, Plaintiffs contend that Defendant engaged in a pattern of abusive behavior and harassment, including, but not limited to, continuing to use copyrights registered to Kari after Plaintiffs instructed RCA to discontinue use of Kari's intellectual property, and culminating in RCA publicly making false tax allegations by issuing Form 1099-MISC to Rich and amended Form W-2 to Kari for the 2021 tax year, erroneously alleging that Plaintiffs had received an excess benefit and made unsubstantiated corporate credit card charges prior to their ouster.

RCA's arbitrary and capricious tax allegations are also now a matter of public record since RCA non-profit tax reports are filed publicly.  Based on the foregoing facts, and others set forth in Plaintiff's second amended Complaint, and in accordance with the Court's Order dated September 23, 2024, Plaintiffs assert the following causes of action:

- Fraudulent filing of tax Information Returns under IRC Section 7434;

- Negligent misrepresentation in filing erroneous tax Information Returns under IRC Section 7434;

- Defamation for filing false tax Information Returns under IRC Section 7434;

- Copyright infringement under federal law;

- Violations under the FLSA.

<u>By Defendant:</u>

RCA is an accredited Pre-K through twelfth grade homeschool hybrid academy for Catholic Families. Kari previously served as Executive Director.  Rich admits he "volunteered his time to RCA as "President" and "Chairman of the Board" from 2003 through 2021. He never requested a salary. The Beckmans departed RCA after Kari went public with her affair with another RCA Board member.

The Beckmans challenge tax forms under various theories of 26 U.S.C. § 7434,  state law defamation, and state law negligent misrepresentation. However, RCA denies liability and states it filed the challenged forms under the advice of accountants.

The Beckmans also assert copyright infringement claims. However, RCA denies liability and has counterclaimed against Plaintiffs for declaratory judgments

4

the copyrights are invalid and RCA did not infringe. RCA also obtained irrevocable

nonexclusive applied licenses to the copyrighted materials.

Finally, Rich asserts an FLSA claim. However, he was an exempt volunteer

and, if he or Kari ever felt otherwise during his tenure, they had to the power to alter

his exempt status.  They never did.

(c)    *The legal issues to be tried are as follows:*

<u>By Plaintiff:</u>

- Whether Defendant fraudulently filed tax Information Returns under IRC Section 7434

- Whether Defendant negligently misrepresented facts damaging to Plaintiffs in filing erroneous tax Information Returns under IRC Section 7434

- Whether Plaintiffs suffered defamation for Defendant filing false tax Information Returns under IRC Section 7434

- Whether Defendant infringed on Plaintiffs' copyright and other intellectual property under federal law

- Whether Defendant violated the FLSA during Plaintiffs service to RCA

<u>By Defendant:</u>

1. Whether Defendant is liable for defamation;

2. Whether required tax documents can be defamatory;

3. Whether compelled speech can be defamatory;

4. Whether the tax information filed on advice of accountants was incorrect;

5. Whether there can be liability for any tax filings for documents filed at the behest of RCA's accountants;

6. Whether Defendant is liable under Plaintiffs' 26 U.S.C. § 7434 theory;

7. Whether Defendant is liable funder Plaintiffs' negligent misrepresentation theory;

8. Whether Plaintiffs engineered an excess benefit transaction;

9. Whether Plaintiffs' use of a vehicle is a fringe benefit;

10. Whether the "convenience of employer" exemption applies;

11. Whether RCA's actions in filing the tax documents were unwilful;

12. Whether Rich was exempt from the FLSA;

13. Whether Defendant is liable under Plaintiffs' FLSA theory;

14. Whether the copyrights are valid and enforceable against RCA;

15. Whether Defendant is liable under Plaintiffs' copyright infringement theories;

16. Whether RCA obtained irrevocable nonexclusive implied licenses to the copyrights.

17. Whether RCA is entitled to its attorneys' fees pursuant to 28 U.S.C. § 1927.

*(d) The cases listed below (include both style and action number) are:*

*(1) Pending Related Cases:*

None.

*(2) Previously Adjudicated Related Cases:*

*None.*

**2.    This case is complex because it possesses one (1) or more of the features**

6

**listed below (please check):**

By Plaintiff:

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_X\_\_\_ (4) Greater than normal volume of evidence
\_\_X\_\_\_ (5) Extended discovery period is needed
\_\_X\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_X\_\_(10) Existence of highly technical issues and proof
\_\_\_\_\_(11) Unusually complex discovery of electronically stored
                information

By Defendant:

Defendant does not believe this case is complex.

**3.    Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

Plaintiffs:

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

Juan F. Vasquez, Jr.
1111 Bagby Street, Ste 2100
Houston, Texas 7002
Telephone: 346.646.6670
Facsimile 346.241.3758
juan.vasquez@nelsonmullins.com
Admitted *Pro Hac Vice*

Defendant Regina Caeli, Inc.:

7

**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, PC**

Steven R. Press
Georgia Bar No. 587199
3414 Peachtree Road NE, Suite 1500
Atlanta, GA 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501
spress@bakerdonelson.com

**4.    Jurisdiction:**

*Is there any question regarding this court's jurisdiction?*

_____ Yes        __X__ No

*If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claims(s) on which the objection is based.  Each objection should be supported by authority.*

**5.    Parties to This Action:**

*(a) The following persons are necessary parties who have not been joined:*

None.

*(b) The following persons are improperly joined as parties:*

None.

*(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

None.

*(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

8

**6.    Amendments to the Pleadings:**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.*

*(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:*

<u>By Plaintiff:</u>

None at this time.    However, Plaintiffs have yet to finish reviewing Defendant's Answer.  Therefore, Plaintiffs reserve the right to amend.

<u>By Defendant:</u>

None at this time. However, Plaintiffs have not yet answered Defendant's Counterclaims. Therefore, Defendant reserves the right to amend in accordance with Fed. R. Civ. P. 15.

*(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7.    Filing Times for Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).*

*(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.*

*(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.*

*(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E,*

*respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

*(d) Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.*

## 8.    Initial Disclosures:

*The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).*

RCA serves its initial disclosures contemporaneously herewith. Plaintiffs will serve its initial disclosures timely following RCA filing its Answer dated October 7, 2024.

## 9.    Request for Scheduling Conference:

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

Plaintiffs and Defendant do not believe a scheduling conference is needed at this time.

## 10.   Discovery Period:

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to*

*which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

The Parties request an eight-month discovery track.

*Please state below the subjects on which discovery may be needed:*

Plaintiff:

Discovery will be needed for all issues described in Section 1 above.

For Defendant:

Discovery will be needed on most, if not all, issues described in Sections 1(b) and 1(c), *supra*.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

Plaintiffs and Defendant do not anticipate that additional time will be needed to complete discovery as of the date of this filing. Generally, Defendant believes that the schedule prescribed by the Local Rules should apply.

If the Parties determine additional time is necessary, they will meet and confer and timely file an appropriately tailored request for extension.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

*(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.*

At this time, the parties do not anticipate any need to change the limitations

on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court. The parties, however, reserve the right to seek leave to alter the discovery rules if necessary.

Plaintiffs intend to pursue discovery in the form of requests for production of documents, interrogatories, depositions, and other forms of discovery authorized by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Defendant intends to pursue discovery in the form of requests for production of documents and things, interrogatories, depositions, and other forms of discovery authorized by the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties will meet and confer in good faith as discovery proceeds to reach an agreement as to whether any limitation on fact depositions beyond those imposed by Fed. R. Civ. P. 30 is warranted.

*(b) Is any party seeking discovery of electronically stored information?*

____X____ Yes                    _____ No

*If "yes,"*

*(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:*

The parties will request or (likely) produce information from electronically stored information ("ESI") which includes electronic or computer-based media, including computer generated information or data of any kind, stored on computers,

file servers, disks, tape, or other devices or media, whether real, virtual, or cloud based. Defendant contends that such production will be limited to data reasonably available to the respective parties in the ordinary course of business. The parties further agree that standard discovery requests (e.g., interrogatories and requests for production of documents and things) shall encompass all forms of reasonably accessible ESI including emails, texts, chatrooms, and the like. Plaintiffs and Defendant will initiate discussions concerning the extent, scope, and handling of electronic discovery and will endeavor to continue such discussions throughout the initial stages of discovery.

Defendant has and will continue to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

*(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIFF files), Portable Document Format (PDF, or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

The parties agree that it will cooperate to produce ESI in mutually agreeable formats and media.

*In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.*

## 12.    Other Orders

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

13

Defendant submits that a Stipulated Protective Order governing the production of financially, commercially, or technologically sensitive information should be entered in this action.

The parties will meet and confer in good faith and attempt to reach mutual agreement on terms to offer a Stipulated Protective Order for the Court's approval by no later than 45 days after the submission of this Joint Preliminary Report and Discovery Plan.

**13.    Settlement Potential:**

*(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on* <u>*May 3, 2023*</u>*, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

*For plaintiff:*

Lead Counsel:        <u>*/s/ Juan F. Vasquez, Jr.*</u>
                              Juan F. Vasquez, Jr.

Other participants: Stuart H. Clements and Scott McCarty

*For defendant:*

Lead Counsel:        <u>*/s/ Steven R. Press*</u>
                              Steven R. Press

Other Participants:        Tyler Bishop and Bradley Chambers (prior Texas counsel from Baker Donelson)

*(b) All parties were promptly informed of all offers of*

14

4862-7008-8173 v.2

*settlement and following discussion by all counsel, it appears that there is now:*

(___) A possibility of settlement before discovery.
(___) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
( X ) No possibility of settlement.

*(c) Counsel (____) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is:* N/A

*(d) The following specific problems have created a hindrance to settlement of this case.*

None.

**14.    Trial by Magistrate Judge:**

*Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.*

*(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.*

*(b)  The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.*

Respectfully submitted this 7th day of October, 2024.


*Attorneys for Defendant*

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Steven R. Press*
Steven R. Press

Georgia Bar No. 587199
Tyler Bishop
Georgia Bar No. 566705
3414 Peachtree Road NE,
Suite 1500
Atlanta, GA 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501
spress@bakerdonelson.com
tbishop@bakerdonelson.com

*Counsel for Defendant*
*Regina Caeli, Inc., a/k/a*
*Regina Caeli Academy*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1111 Bagby Street, Ste 2100
Houston, Texas 7002
Telephone: 346.646.6670
Facsimile 346.241.3758

*/s/ Juan F. Vasquez, Jr.*

JUAN F. VASQUEZ, JR.
juan.vasquez@nelsonmullins.com
Admitted *Pro Hac Vice*

DAVID M. MEDINA
david.medina@nelsonmullins.com
Admitted *Pro Hac Vice*

STUART H. CLEMENTS
stuart.clements@nelsonmullins.com
Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

17

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as modified in Exhibit A to the Parties' Joint Preliminary Report and Discovery Plan.

IT IS SO ORDERED, this _____ day of _____ 2024.


_____
Honorable Sarah E. Geraghty
United States District Judge
Northern District of Georgia, Atlanta Division

18

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the pleading has been prepared in Times New Roman, 14-point type, which is of the font selections approved by the Court in Local Rule 5.1(B).

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com

*Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Stuart H. Clements*
Stuart H. Clements
Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

19

## <u>CERTIFICATE OF SERVICE</u>

This will certify service of a copy of the foregoing was filed and served via the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia, which will automatically send email notification to all counsel of record.

Respectfully submitted this 7th day of October 2024.

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com

*Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Stuart H. Clements*
Stuart H. Clements
Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*