## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD IRVING BECKMAN<br>AND KARI ANN BECKMAN, | ) <br> ) <br> ) | |
| **Plaintiffs,** | ) <br> ) | |
| v. | ) <br> ) <br> ) | **CIVIL ACTION NO.**<br>**1:23-CV-06000-SEG** |
| REGINA CAELI, INC. a/k/a<br>REGINA CAELI ACADEMY, | ) <br> ) <br> ) <br> ) | |
| **Defendant.** | ) | |

## DEFENDANT REGINA CAELI INC.'S MOTION TO EXTEND DISCOVERY

Pursuant to Federal Rules of Civil Procedure 6(b), 16(b)(4) and L.R. 26.2(B), Defendant Regina Caeli, Inc. a/k/a Regina Caeli Academy ("RCA" or "Defendant") moves this Court to extend discovery and enter an Amended Scheduling Order.

## I.    INTRODUCTION

Plaintiffs have retained new counsel, and Nelson Mullins is exiting the case. RCA was informed via letter from David Medina dated April 10, 2025, attached hereto as **EXHIBIT A**. The identity of Plaintiffs' new counsel is, as of yet, unknown.

Plaintiffs' abrupt exiting of the lawyers who handled this case from inception came after weeks of Plaintiffs stringing RCA along with requested extensions of supplementation deadlines this Court established during the March 19, 2025, Second Status Conference. *See* April 2, 2025, Correspondence from Stuart H. Clements,

1

attached hereto as **EXHIBIT B**. The Court had originally given Plaintiffs two weeks

two supplement, making the deadline April 2, 2025. [Doc. 111] at 1. Plaintiffs

requested a one-week extension, citing their inability to obtain Mrs. Beckman's

therapist records due to the therapist's alleged sickness. *See* Ex. B. RCA continued

its pattern of providing requested courtesies and granted the latest request making

the new deadline April 9, 2025. The April 9, 2025, deadline came and passed without

supplementation. Then, RCA received Mr. Medina's withdrawal email the next day.

*See* Ex. A.

Plaintiffs' months-long failure to comply with discovery has ground this case

to a halt. Making matters worse, promised and required cures are now further

delayed, as RCA must wait for unspecified "new counsel" to enter the case.

Meanwhile, discovery closes tomorrow, April 15, 2025. [Doc. 100].

Therefore, RCA respectfully requests the Court effectively reset the discovery

period to account for the Beckmans' failure to substantively engage in discovery and

enter an Amended Scheduling Order reinstating the previous, eight-month discovery

period. RCA proposes five months of fact discovery and three months of expert

discovery. For the reasons laid out herein, the Court should grant this Motion.

## II.    PROCEDURAL HISTORY

### A.    The Court Dismisses the Vast Majority of Plaintiffs' "Arguably Frivolous" Complaint and Enters the Original Scheduling Order.

Plaintiffs filed a voluminous Complaint and amended it several times. [Doc. 1]; [Doc. 21]; [Doc. 37]. The Court dismissed the vast majority of Plaintiffs' claims, admonishing the Beckmans and counsel that "[s]everal of the claims asserted in this action were arguably frivolous" and "caution[ing] [Plaintiffs] to heed their Rule 11 obligations as the case proceeds into the next phase of litigation." [Doc. 97] at 64 (citing Fed. R. Civ. P. 11(b)). This Court then entered its Scheduling Order on October 15, 2024. [Doc. 100]. Under the Scheduling Order, discovery closes on April 15, 2025. *Id.*

### B.    RCA Serves its First Discovery Requests on Plaintiffs' Remaining Claims.

On October 31, 2024 (two weeks after entry of the Scheduling Order), RCA served thorough but narrowly tailored discovery requests relevant to the remaining claims as well as RCA's defenses and counterclaims. Plaintiffs' responses to RCA's discovery requests comprised only blanket denials, boilerplate objections prohibited by the Court's Standing Order, and unsubstantiated privilege claims which also violated the Standing Order. *See* Standing Order §§ IV.D.-E. Plaintiffs failed to provide any substantive responses to RCA's written requests or even produce a single document with their original responses.

**C.**     **Plaintiffs' Discovery Responses Were Woefully Deficient, Leading to Discovery Dispute, a Status Conference, and a Court-Ordered Supplementation.**

RCA provided Plaintiffs a good faith conferral letter on January 3, 2025. RCA's conferral contained six charts outlining each set of RCA's First Interrogatories, Requests for Production of Documents, and Requests for Admissions on a request-by-request basis, as well as Plaintiffs' objections and the deficiencies contained therein. Based on these detailed charts, RCA requested Plaintiffs supplement their responses and discharge their discovery obligations in accordance with the Federal Rules and the Court's Standing Order.

RCA's good faith conferral attempt fell on deaf ears. Plaintiffs ignored RCA's letter and refused to make any supplementation.

Nevertheless, in a *second* good faith effort to narrow the issues, RCA sent Plaintiffs another conferral letter on January 13, 2025, in which RCA offered to focus on the Beckmans' tax claims first. Plaintiffs at all times had, and continue to have, the option of challenging the excess benefit taxes directly with the IRS. However, the Beckmans refused to state whether they have paid the taxes, whether they have sought a refund, or provide any supporting documentation. All of this information should have been in Plaintiffs' possession prior to bringing any tax claims. Predictably, Plaintiffs failed to respond to RCA's narrowed conferral letter continuing the failure to provide any discovery addressing Plaintiffs' tax claims.

RCA initiated a discovery dispute with the Court on January 21, 2025. The Court held a status conference on January 27, 2025, and ordered a supplementation. [Doc. 108] at 1.

**D.      Plaintiffs' Supplemental Discovery Responses Remained Woefully Deficient and Lead to a Second Status Conference and Court Ordered Supplementation.**

Plaintiff's supplementation remained woefully deficient. Therefore, RCA sent another conferral letter dated February 21, 2025. When Plaintiffs again failed to cure the deficiencies, RCA provided the Court a list of the outstanding items on March 17, 2025. The Court held a Second Status conference on March 19, 2025.  During the conference, Plaintiffs agreed with RCA's need to know whether responsive documents were withheld behind any asserted objections and that Plaintiffs would verify under oath that they have not paid any of the excess benefit taxes giving rise to their tax claims consistent with previous representations by Plaintiffs' counsel that the taxes in question were not paid.  Plaintiffs also agreed to produce certain mental health records while the parties conferred about any required additional scope. Finally, Plaintiffs also agreed to gather information related to the copyright claim from Plaintiffs' copyright counsel.  The Court directed Plaintiffs to provide the requested supplemental tax information and confirmation that available responsive documents were not being withheld by April 2, 2025[Doc. 111] at 1, while the parties

conferred about the scope of required discovery tied to Ms. Beckman's mental health records and copyright claim.

**E.    Stuart Clement's Deceptive Email and Nelson Mullins's Untimely Withdrawal.**

On April 2, 2025, counsel for Plaintiffs, Stuart H. Clements, emailed the undersigned counsel, requesting an extension of time due to "an unanticipated delay" of Mrs. Beckman's therapist being hospitalized and unable to provide Mrs. Beckman's therapy records relevant to her claims for mental damages. *See* Ex. B. Mr. Clements requested a one-week extension of time to respond, making the deadline April 9, 2025. *Id*. RCA agreed to the extension.

The April 9, 2025, deadline came and passed without the promised supplementation or other response. Instead, on April 10, Mr. Medina sent his letter indicating the Beckmans had terminated Nelson Mullins effective immediately. *See* Ex. A.

Mr. Medina's April 10 letter is staggering. It confirms Mr. Clements's request for an extension was another discovery ruse orchestrated by Plaintiffs. As per usual, the Beckmans' personal drama continues to disproportionately affect RCA, as RCA has been strung along throughout discovery *without* ever receiving the bargained-for exchange of the promised discovery.

**F.    Nelson Mullins's Forthcoming Withdrawal Leaves RCA in a Lurch.**

Nelson Mullins's forthcoming withdrawal leaves RCA in a lurch. During the March 19, 2025, Status Conference, Mr. Clements admitted the Beckmans had not paid the back taxes – thereby limiting their claimed damages under § 7434 to $5,000. The Court ordered Mr. Clements to provide verified supplements to the Beckmans' discovery responses confirming they had not paid the disputed tax liabilities. *See*, *e.g.* [Doc. 111] at 1. The Court also ordered the Beckmans to produce their tax returns from 2020-2022. *Id*.  RCA has not received either supplementation to date. Thus, Nelson Mullins's untimely departure further deprives RCA of these indispensable supplementations.

Further, Mr. Clements represented to the Court during the Second Status Conference that Plaintiffs would provide Mrs. Beckman's therapy records and information related to the filings of the disputed copyrights, which Mr. Clements represented he was gathering from the Beckmans' previous copyright counsel. Nelson Mullins's departure deprives RCA of these documents, too.

Finally, Plaintiffs were also ordered to provide a privilege log and supplemental written responses to RCA's Requests for the Production of Documents confirming the Beckmans do not have any documents substantiating Mr. Beckman's FLSA claim. *Id*. RCA has not received the privilege log either.

7

For ease of reference, the supplementations RCA lacks based on Mr. Clements's representations and admissions during the Second Status Conference are as follows:

1.    Verified Supplemental Interrogatory Responses memorializing Plaintiffs' admissions they have not paid the disputed tax liabilities.

2.    Beckmans' tax returns from 2020-2022.

3.    Supplemental written Responses to RCA's Requests for the Production of Documents confirming Plaintiffs have no evidence supporting Mr. Beckman's FLSA claim.

4.    Mrs. Beckman's therapy records.

5.    All drafts of the copyrights, information provided to, and communications with the U.S. Copyright Office.

6.    Privilege Log.

## III.    ARGUMENT AND CITATION TO AUTHORITY

"The Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery schedule 'for the convenience of parties and witnesses and in the interests of justice." *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1292 (N.D. Ga. 2009) (quoting *White v. Georgia,* No. 1:07–cv–1739–WSD, 2007 WL 3170105, *1 (N.D. Ga. Oct. 25, 2007) (citing Fed. R. Civ. P. 26(d)). This Court's Local Rules grant similar discretion. *See* N.D. Ga. R. 26.2(B) ("The court may, in

its discretion, shorten or lengthen the time for discovery"); *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Here, the convenience of the parties and witnesses and the interests of justice require alteration of the original discovery schedule. Plaintiffs' continued failures to discharge their discovery obligations, coupled with their last-minute decision to terminate the counsel that has handled this case from its inception, have squandered the prior discovery period and ground this matter to a halt. The time in between was wasted with deficient discovery responses followed by multiple hearings and orders in RCA's favor, followed by "fake out" requests for extensions which never produced the required supplementation. As detailed above, Nelson Mullins's untimely departure leaves RCA in a lurch and devoid of the factual record upon which to continue prosecuting its case. For all these reasons, the Court should enter an Amended Scheduling Order. Additionally, or in the alternative, the Court should strike the tax-based claims (§ 7434, negligent misrepresentation, and defamation) and copyright infringement claims as sanctions for willful violation of the Court's orders to supplement and provide discovery related to these claims. *U.S. v. One 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (finding that refusal to comply with Court's singular order compelling discovery production warranted dismissal, even without previously applying lesser sanctions).

RCA's proposed Amended Scheduling Order will be familiar to the Court. First, RCA requests an additional five months of fact discovery to account for the time lost on the Beckmans' discovery deficiencies while represented by Nelson Mullins (December 2024-April 2025).

Second, because this case is in part an intellectual property dispute, RCA proposes bifurcating fact and expert discovery as outlined in the Northern District of Georgia's Local Patent Rules. *Compare* Ex. A *with* L.P.R. 7.1(a)-(d), 7.2. This creates a separate, approximately 100-day expert discovery period upon the conclusion of fact discovery. Nelson Mullins had previously agreed to this bifurcation prior to its termination.

Therefore, RCA requests five (5) additional months for fact discovery beginning April 15, 2025, or the date upon which the Amended Scheduling Order is entered, whichever is later, and approximately 100 days for expert discovery, mirroring the expert discovery period and sequencing established by the Local Patent Rules. *See* L.P.R. 7.1(a)-(d), 7.2.

## IV.    CONCLUSION

For the reasons laid out herein, the Court should grant this Motion and enter the Parties' Joint Proposed Amended Scheduling Order. A proposed Order is attached hereto as **EXHIBIT C.**

Respectfully submitted this 14th day of April 2025.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
Tyler Bishop
Georgia Bar No. 566705
3414 Peachtree Road, NE, Suite 1500
Atlanta, GA 30326
Phone: (404) 577-6000
spress@bakerdonelson.com
tbishop@bakerdonelson.com

*Counsel for Defendant Regina Caeli,*
*Inc., a/k/a Regina Caeli Academy*

11

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the pleading has been prepared in Times New Roman, 14-point type, which is of the font selections approved by the Court in Local Rule 5.1(B).

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com

*Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*

12

**CERTIFICATE OF SERVICE**

This will certify service of a copy of the foregoing was filed and served via the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia, which will automatically send email notification to all counsel of record.

Respectfully submitted this 14th day of April 2025.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com

*Counsel for Defendant Regina Caeli, Inc.,
a/k/a Regina Caeli Academy*
