IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RICHARD IRVING BECKMAN,** ) | |
| and **KARI ANN BECKMAN,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **CIVIL ACTION FILE NO.** |
| v. ) | **1:23-cv-06000-SEG** |
| ) | |
| **REGINA CAELI, INC., a/k/a** ) | |
| **REGINA CAELI ACADEMY,** ) | |
| ) | |
| Defendant, ) | |
| ) | |

## PLAINTIFFS RICHARD IRVING BECKMAN AND KARI ANN BECKMAN'S REPSONSE TO DEFENDANT REGINA CAELI INC.'S MOTION TO EXTEND DISCOVERY

COME NOW Plaintiffs Richard Irving Beckman and Kari Ann Beckman (individually Mr. Beckman and Mrs. Beckman, collectively "Plaintiffs"), by and through their newly acquired counsel, and hereby respond to Defendant Regina Caeli Inc.'s Motion to Extend Discovery, showing the Court as follows:

### I.   INTRODUCTION

Plaintiffs made the difficult decision to terminate their previous counsel on or about April 10, 2025. The decision was not made to dodge discovery obligations as

1.

Defendant alleges. Opposing counsel's incendiary and disingenuous assessment that Mr. Medina's April 10 letter "confirms Mr. Clements's request for an extension was another discovery ruse orchestrated by Plaintiffs" is grossly inaccurate. The references to alleged "personal drama" and "'fake out' requests for extensions" are equally inappropriate. In response to these bold and baseless accusations, Plaintiffs produce the attached signed affidavit by Ms. Beckman's therapist verifying that her unfortunate medical emergency was indeed the cause of the requested extension. This affidavit is attached hereto as Exhibit "A."

Current counsel has been thrust into litigation with a voluminous history and is attempting to hit the ground running to address the alleged discovery deficiencies professionally, fully, and quickly.[1] After a review of the record, it appears that seven (7) categories of documentation and responses are needed. These items consist of the following: 1) verified Supplemental Interrogatory Responses; 2) the Beckmans' tax returns from 2020 to 2022; 3) supplemental Written Responses to RCA's Requests for the Production of Documents; 4) Ms. Beckman's therapy records; 5) all drafts of the copyrights; 6) all information provided to, and communications with,

---

[1] The claims set forth in the Amended Complaint are likewise being analyzed by Plaintiff's current counsel. Said counsel is indeed taking heed of the Court's reference to Rule 11 in footnote 14 of the Court's *Order on Defendants' Motions to Dismiss*. In recognition, counsel anticipates the filing of a motion seeking leave to amend the Plaintiffs' complaint to ensure all remaining claims meet the requisite standards.

the U.S. Copyright Office; and 7) a privilege log. Counsel welcomes Defendant to bring forward any discovery obligations which are not listed above and remain outstanding, so that it can quickly resolve the matter. Assuming the foregoing are the only deficiencies, current counsel anticipates that it will be able to address the alleged deficiencies fully and quickly.

## II.     Argument and Citation to Authority

### A.     Defendant's Proposed Schedule Would Unnecessarily Prolong Litigation.

While Plaintiffs do not dispute the need for an extension of discovery, Defendant's proposed eight-month extension is unnecessarily expanding the length of litigation. This case was initiated in January of 2023. Despite this, very little substantial progress towards the adjudication of Plaintiff's claims has occurred. Plaintiff's new counsel aims to swiftly complete the discovery phase of this litigation so that the Parties can reach a potential resolution of the case swiftly.

To that end, Plaintiffs propose a four-month extension for fact discovery, and a two-month extension for expert discovery. This slightly reduced extension proposal should be more than sufficient to complete discovery in this case. Further, it more closely aligns with the Plaintiffs' right to go about the legal process in an efficient manner. *See N. Am. Specialty Ins. Co. v. Carter Bros. Sec. Servs., LLC*, No. 1:17-CV-02836-ELR, 2018 WL 11447559, at *3 (N.D. Ga. Dec. 7, 2018) ("Plaintiff

has an interest in swiftly litigating this case.") Lastly, Plaintiffs intend to produce a supplemental production of relevant and requested documentation shortly after the filing of this response. As a result, Plaintiffs believe that an additional four months is more than sufficient to remedy any alleged deficiencies in discovery responses and complete fact discovery entirely.

**B.      Defendant's Secondary Proposal of Striking Plaintiffs' Claims Should be Rejected by the Court.**

Plaintiffs' failure to supplement discovery responses by April 9, 2025, were caused by several factors. Factor one was the termination of its previous counsel. The ability to freely choose one's counsel is a foundational and inalienable right which should not be interfered with.[2] While the decision impacted Plaintiff's ability to comply with discovery obligations, it should not be the basis for dismissal. Factor two, which was outside the control of Plaintiffs, is the fact that the health of Ms. Beckman's therapist made supplementation of those items impossible. Delays in the retrieval of copyright information from another attorney have likewise caused delays. The facts at hand are wholly inapposite with *U.S. One32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (hereinafter "*Scorpion*"), the case Defendant's cited to for support.

---

[2] *See* Model Rules of Professional Conduct Rule 1.16, comment four (4): "A client has a right to discharge a lawyer at any time."

4.

In *Scorpion*, the claimant provided no evidence regarding the delay in responding to the discovery requests. Here Plaintiffs have provided a sworn affidavit from Ms. Beckman's therapist, evidencing her medical emergency which caused the delay in production. As a result, the court should deny Plaintiffs request to strike Plaintiff's claims as "the severe sanction of a dismissal" is unnecessary to the facts at hand. U*nited States v. One 32%2C Scorpion Go-Fast Vessel,* 339 F. App'x 903, 905 (11th Cir. 2009) (quoting *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

This the 23rd day of April, 2025.

        **HASSON LAW GROUP, LLP**

        */s/ Keith S. Hasson*_____
Keith S. Hasson
Georgia Bar No. 336383
Max S. Franco
Georgia Bar No. 355592
J. Tanner Lusk
Ga. Bar No. 496782

        *Attorneys for Plaintiffs*

3379 Peachtree Road NE Suite 625
Atlanta, Georgia 30326
Tel: (678) 701-2869
keith@hassonlawgroup.com
max@hassonlawgroup.com
tanner@hassonlawgroup.com

5.

## **CERTIFICATE OF COMPLIANCE**

In compliance with Local Rule 7.1(D), counsel for Plaintiffs Richard Irving Beckman and Kari Ann Beckman, certifies that this filing was prepared using a font and point selection approved by the Court in Local Rule 5.1(B), Times New Roman 14.

**HASSON LAW GROUP, LLP**

*/s/ Keith S. Hasson*_____
Keith S. Hasson
Georgia Bar No. 336383
Max S. Franco
Georgia Bar No. 355592
J. Tanner Lusk
Ga. Bar No. 496782

***Attorneys for Plaintiffs***

3379 Peachtree Road, N.E.
Suite 625
Atlanta, Georgia 30326
Tel: (678) 701-2869
keith@hassonlawgroup.com
max@hassonlawgroup.com
tanner@hassonlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served counsel for the opposing party in the foregoing action with a true and correct copy of *Plaintiffs Richard Irving Beckman And Kari Ann Beckman's Response To Defendant Regina Caeli Inc.'s Motion To Extend Discovery* with the Clerk of Court using the CM/ECF system, which will automatically send email notifications to the following counsel of record, and via USPS first class mail to the following counsel of record, as follows:

*Steven Ryan Press*
*Tyler Bishop*
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**
*3414 Peachtree Road, NE, Suite 1500*
*Atlanta, Georgia 30326*
spress@bakerdonelson.com
tbishop@bakerdonelson.com

This the 23rd day of April, 2025.

**HASSON LAW GROUP, LLP**

*/s/ Keith S. Hasson*_____
Keith S. Hasson
Georgia Bar No. 336383
Max S. Franco
Georgia Bar No. 355592
J. Tanner Lusk
Ga. Bar No. 496782

7.

*Attorneys for Plaintiffs*

3379 Peachtree Road NE Suite 625
Atlanta, Georgia 30326
Tel: (678) 701-2869
keith@hassonlawgroup.com
max@hassonlawgroup.com
tanner@hassonlawgroup.com