IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD IRVING BECKMAN AND KARI ANN BECKMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>REGINA CAELI, INC. a/k/a REGINA CAELI ACADEMY,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:23-CV-06000-SEG |

**REPLY IN SUPPORT OF**
**MOTION TO EXTEND DISCOVERY PER LR 7.1**

Defendant Regina Caeli, Inc. a/k/a Regina Caeli Academy ("RCA" or "Defendant") is in receipt of the Court's Order [Doc. 118] on its Motion to Extend Discovery [Doc. 112] and appreciates the Court's involvement throughout this matter, particularly the Court's repeated availability to resolve discovery disputes. However, in contradistinction, Plaintiffs have repeatedly failed to adhere to the Court's discovery orders. Therefore, RCA files this reply to complete the record because the Order was entered before consideration of this timely reply. LR 7.1.

**I.    INTRODUCTION**

Plaintiffs' response to RCA's Motion to Extend misses the point. The question is not *why* Plaintiffs continually fail to discharge their discovery obligations – but rather, what remedies are available to RCA for Plaintiffs' habitual noncompliance.

1

How difficult would it have been for Plaintiffs to confirm that responsive documents were not being withheld under an objection or claim of privilege? How difficult would it have been to provide a verification confirming that Plaintiffs have not paid the taxes underlying each tax-based claim (Counts 2, 3, and 4)? That supplementation should have immediately followed the March 19th hearing as agreed by Plaintiffs' counsel and as ordered. That supplementation remains outstanding as of today.[1]

Similarly, Plaintiffs' Response proffered "filing . . . a motion seeking leave to amend the Plaintiffs' complaint to ensure all remaining claims meet the requisite standards" of Rule 11. *Id.* at 2 n.1. That amendment never came, either. Tellingly, Plaintiffs' offer to amend to *finally* "meet the requisite" Rule 11 standards tacitly admits at least one surviving claim was frivolous all along.

Turning to the discovery period, the Court previously established a six-month discovery track ending on April 15, 2025. [Doc. 100] at 1. As detailed in RCA's Motion to Extend, five of those six months (December 2024-April 2025) have been wasted compelling supplementation of Plaintiffs' woefully deficient discovery responses and seeking production of documents and information Plaintiffs should

---

[1] The day this is filed, Plaintiffs provided supplementation which purports to be tax returns, medical records, and information addressing the alleged copyright (5 weeks after ordered [Doc. 111]).  Undersigned counsel will confer with Plaintiffs' counsel as needed on that production, but the other issues remain outstanding.

2

have had in their possession from the inception of this case over two years ago in January 2023. [Doc. 112] at 3-8; [Doc. 1].

Thus, RCA's Motion to Extend merely seeks: (1) reinstatement of the five months of fact discovery squandered compelling the Beckmans' discovery compliance; and (2) a separate, approximately 100-day expert discovery period befitting of the intellectual property (copyright) component of this case – similar to the expert discovery period for patent cases established by this Court's Local Patent Rules. *See* L.P.R. 7.1(a)-(d), 7.2. Importantly, Plaintiffs' prior counsel <u>agreed</u> to this expert discovery period during the March 19, 2025 hearing. Plaintiffs' new counsel should not be allowed to backtrack on that agreement now.

For the reasons laid out herein, the Court should grant RCA's Motion to Extend, reset a five-month discovery track to compensate for the time lost on Plaintiffs' discovery non-compliance, and establish a separate, 100-day expert discovery period as provided in the Court's Local Patent Rules and as agreed to by Plaintiffs' prior counsel. Alternatively, the Court should strike Plaintiffs' Complaint for failure to comply with the Court's prior discovery orders.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     Plaintiffs Squandered the Discovery Period By Forcing RCA to Seek Two Court-Ordered Supplementations of Plaintiffs' Deficient Discovery Responses.

The tortured procedural history of Plaintiffs' noncompliance with their discovery obligations is laid out in RCA's Motion to Extend. [Doc. 112] at 3-8. Briefly, the Court entered its Scheduling Order setting a six-month discovery track on October 15, 2024. [Doc. 100] at 1. RCA promptly served discovery approximately two weeks later on October 31, 2025. Plaintiffs' responses were due on December 2, 2025. When Plaintiffs' responses arrived, they comprised only objections, and Plaintiffs failed to produce a single document.

Plaintiffs' failure to discharge their discovery obligations forced RCA into a lengthy discovery dispute to obtain even a modicum of compliance. RCA sent Plaintiffs a total of three conferral letters. The Court held two status conferences and ultimately issued two orders requiring Plaintiffs to supplement their discovery responses. The first order was issued during the status conference held on January 27, 2025, [Doc. 108] at 1, and the second order was issued during the status conference held on March 19, 2025. [Doc. 111] at 1. The items for which the Court required supplementation are:

1. Verified Supplemental Interrogatory Responses memorializing Plaintiffs' admissions and counsel's representations that Plaintiffs have not paid the disputed tax liabilities.

4

2. Confirmation that Plaintiffs did not possess responsive documents supporting the FLSA claim.[2]

3. Confirmation that responsive documents were not being withheld under a claim of privilege and production of a privilege log.

4. The Beckmans' tax returns from 2020-2022.

5. Mrs. Beckman's therapy records.

6. All drafts of the copyrights, information provided to, and communications with the U.S. Copyright Office.

The Court imposed an April 2, 2025 deadline for Plaintiffs to make the required supplementation.

On April 2, 2025, Plaintiffs' former counsel requested an extension through April 9, 2025 due to the alleged hospitalization of Mrs. Beckman's therapist and the therapist's claimed inability to provide Mrs. Beckman's mental health records. RCA agreed to the extension as a professional courtesy.

The extended, April 9, 2025 deadline came and passed with no supplementation and no word that Plaintiffs had terminated Nelson Mullins. Indeed, RCA only learned the identity of Plaintiffs' new counsel upon receipt of the filing of Hanson Law Group's defective Notice of Substitution of Counsel on April 23, 2025. [Doc. 113].

---

[2] Plaintiffs' recitation of outstanding discovery items in their Responses omits reference to written confirmation of the absence of documentation supporting Mr. Beckman's FLSA claim.

5

**B.     Plaintiffs Have New Counsel, But Their Stall Tactics Remain the Same.**

While Plaintiffs have retained new counsel, their stall tactics remain the same: play the victim and scapegoat third parties. Plaintiffs fail to offer any tenable excuse for their repeated failure to comply with the Court's discovery orders.

Plaintiffs offer only two excuses for their failure to supplement discovery as ordered: (1) their substitution of counsel; and (2) the therapist's alleged hospitalization. Both fail for the reasons outlined below.

      1.     <u>Plaintiffs' substitution of counsel is no excuse</u>.

Plaintiffs' substitution of counsel is of no moment. As Plaintiffs note, they initiated this action in January 2023 – over two years ago. [Doc. 1]. Plaintiffs have always asserted claims for: (1) their failure to pay taxes (including 26 U.S.C. § 7434, defamation, negligent misrepresentation, and mental pain and suffering under the tort claims); (2) alleged copyright infringement; and (3) alleged violation of the FLSA. Therefore, Plaintiffs knew or should have known their tax returns, therapy records, copyright drafts and communications with the United States Copyright Office, and documentation showing Mr. Beckman's alleged minimum-wage employee status were relevant and discoverable all along. Plaintiffs should have compiled this information and provided it in response to RCA's original discovery requests on December 2, 2024. The fact Plaintiffs fired Nelson Mullins

6

approximately four months later does not excuse Plaintiffs' failure to comply with their discovery obligations beforehand.

        2.      <u>The alleged hospitalization of Mrs. Beckman's therapist changes nothing</u>.

Next, Plaintiffs argue their failure to produce Mrs. Beckman's therapy records is excused due to the therapist's alleged hospitalization. [Doc. 115] at 4. This argument also misses the point. As described above, Plaintiffs initiated this suit more than two years ago. Mrs. Beckman has always asserted claims for mental suffering in the dismissed claims and the surviving claims. [Doc. 37]. Thus, Plaintiffs knew or should have known Ms. Beckman's therapy records were relevant and discoverable. Mrs. Beckman should have obtained these records from her therapist long ago. Scapegoating the therapist now provides no excuse for Mrs. Beckman's failure to obtain this information after January 2023, or in any event, before the December 2, 2024, deadline to respond to RCA's discovery requests.

For these reasons, Plaintiffs' proffered excuses for their continued failure to discharge their discovery obligations fall flat.

## III.    ARGUMENT

### A.    Standard of Review.

The Court has the discretion to alter the normal discovery schedule "in the interests of justice." *Anderson v. Dunbar Armored, Inc*., 678 F. Supp. 2d 1280, 1292

(N.D. Ga. 2009) (internal quotation marks omitted); *see also* N.D. Ga. R. 26.2(B) ("The court may, in its discretion, shorten or lengthen the time for discovery").

### B. The Court Should Exercise Its Discretion to Reestablish the Discovery Period Squandered by Plaintiffs' Noncompliance.

The Court should exercise its discretion to reestablish the discovery period squandered by Plaintiffs' noncompliance. Plaintiffs' discovery responses were due December 2, 2024. When Plaintiffs' responses arrived and were deficient, RCA spent the next five months, from December 2024 to April 2025, marshaling compliance. The Court has been patient with Plaintiffs. RCA has also been patient. Both have been ignored by Plaintiffs. The "interests of justice" dictate that Plaintiffs should not be able to shirk their discovery obligations and then cram down a shorter discovery period on RCA. *Anderson*, 678 F. Supp. 2d at 1292. Therefore, the Court should reinstate the five months of fact discovery which were wasted because of Plaintiffs' noncompliance.

The Court should also exercise its discretion to establish a separate expert discovery period following the expiration of the renewed fact discovery period – like the one provided by this Court's Local Patent Rules. *See* L.P.R. 7.1(a)-(d), 7.2. Nelson Mullins agreed to this proposal prior to withdrawing. The interests of justice dictate that Plaintiffs and their new counsel should not be allowed to backtrack on that agreement now.

8

### C. Plaintiffs' New Counsel Cannot Have it Both Ways.

Plaintiffs' new counsel cannot have it both ways. On the one hand, new counsel argues "Current counsel has been thrust into litigation with a voluminous history[.]" [Doc. 115] at 2. This complaint is self-inflicted. It is also incorrect. The case history is simple. The Court gutted Plaintiffs' Second Amended Complaint in its Order on the Motions to Dismiss. [Doc. 97]. The case has since been stalled by Plaintiffs' repeated failures to make discovery.

Despite arguing the "voluminous history" and alleged resulting difficulties in forcing Plaintiffs into compliance with their discovery obligations, new counsel simultaneously seeks to cram down shorter discovery periods on RCA, citing Plaintiffs' so-called "right to go about the legal process in an efficient manner." [Doc. 115] at 3. This argument is disingenuous. Had Plaintiffs truly desired to "go about the legal process in an efficient manner" as new counsel suggests, Plaintiffs would have had their tax forms, therapy records, copyright applications, and time sheets for alleged minimum-wage employment ready at the inception of this case in January 2023. So viewed, Plaintiffs cannot seriously be heard to argue for shorter discovery periods now. The Court should grant RCA's Motion.

### D. Alternatively, the Court Should Strike Plaintiffs' Complaint as a Discovery Sanction.

Alternatively, the Court should strike Plaintiffs' Complaint as a discovery sanction. The Eleventh Circuit made clear in *Scorpion* that noncompliance with even

9

a <u>single</u> order compelling discovery production warranted imposition of the ultimate sanction. *U.S. v. One 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009). Here, Plaintiffs have failed to comply with (not one, but) <u>*two*</u> discovery orders compelling production.

Plaintiffs' proffered excuses for their failure comply with the Court's orders are unpersuasive. Plaintiffs have had years to compile the relevant information but still have not made the required supplementation. Therefore, the Court can know with certainty that Plaintiffs' failure to comply was willful and unjustified.

## IV.   CONCLUSION

For the reasons laid out herein, the Court should grant RCA's Motion to Extend and enter RCA's Proposed Amended Scheduling Order attached thereto as Exhibit C. In the alternative, the Court should strike Plaintiffs' Complaint.

Respectfully submitted this 7th day of May 2025.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

<u>*/s/ Steven R. Press*</u>
Steven R. Press
Georgia Bar No. 587199
Tyler Bishop
Georgia Bar No. 566705
3414 Peachtree Road, NE, Suite 1500
Atlanta, GA 30326
Phone: (404) 577-6000
spress@bakerdonelson.com
tbishop@bakerdonelson.com
*Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*

10

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the pleading has been prepared in Times New Roman, 14-point type, which is of the font selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 7th day of May 2025.

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com
*Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*

## CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing was filed and served via the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia, which will automatically send email notification to all counsel of record.

Respectfully submitted this 7th day of May 2025.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Steven R. Press*
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com
*Counsel for Defendant Regina Caeli, Inc., a/k/a Regina Caeli Academy*