UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD IRVING BECKMAN AND KARI ANN BECKMAN, <br><br> Plaintiffs, <br><br> v. <br><br> REGINA CAELI, INC. a/k/a REGINA CAELI ACADEMY, <br><br> Defendant. | CIVIL ACTION FILE NO. 2:23-CV-00034 |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

**COME NOW**, **RICHARD IRVING BECKMAN** ("Rich") and **KARI ANN BECKMAN** ("Kari") (collectively, the "Beckmans" and "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 15(a)(2), and respectfully submit this Memorandum in support of their Motion for Leave to File Third Amended Complaint.

### I. PROCEDURAL POSTURE

The Plaintiffs filed their Complaint on January 25, 2023, filing suit in the U.S. District Court for the Southern District of Texas (Compl., Doc. 1.). Plaintiffs amended their Complaint on May 12, 2023, adding the Archdiocese of Atlanta as a Defendant. (First Amend. Compl., Doc. 21). In response to the First Amended

Complaint, Defendants Father Augustine Tran, Regina Caeli, Inc a/k/a Regina Caeli Academy ("RCA" or "Defendant"), and the Archdiocese of Atlanta filed motions to dismiss. (Docs. 26, 27, and 32). Father Tran's Motion to Dismiss also moved, in the alternative, to transfer the case to the Northern District of Georgia. (Doc. 26.). Pursuant to Defendant Tran's motion, Judge David S. Morales ordered this case transferred to the Northern District of Georgia, finding that venue was improper in the Southern District of Texas. (Order, Doc. 55). On July 11, 2023, Plaintiffs further amended their Complaint (Second Amended Compl., Doc. 37).

The Defendant, Father Tran, and the Archdiocese of Atlanta then renewed their motions to dismiss against the Second Amended Complaint. (Docs. 70, 71, and 91). The parties' motions to dismiss were granted in part and denied in part, with the Court dismissing Plaintiffs' claims for fraud related to Kari Beckman's termination; negligent misrepresentation related to Kari's termination; defamation based on RCA's statement to students and parents following Kari's forced resignation; conversion of intellectual property; breach of contract related to RCA's provision of educational services; and breach of contract related to RCA's alleged nonpayment of wages. (September Order, Doc. 97). The Court allowed the following claims to proceed: tax fraud arising under 26 U.S.C. § 7434; negligent misrepresentation

related to tax documents; defamation related to tax documents; copyright infringement; and violation of the Fair Labor Standards Act. *See id*.

Plaintiffs respectfully request leave of the Court to further amend their Complaint to more precisely align the factual allegations with the remaining claims and to withdraw their claims for negligent misrepresentation and violation of the FLSA against RCA.

## II.   ARGUMENT

The efficient administration of justice requires that Plaintiffs be given leave to file an amended complaint. Federal Rule of Civil Procedure 15(a)(2) requires leave to file an amended complaint be "freely given when justice so requires." The U.S. Supreme Court has reiterated that "[i]n the absence . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The Eleventh Circuit has reiterated this principle, holding that "[t]his policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court

is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989); *see also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("[D]iscretion may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend shall be freely given when justice so requires."); *Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Cir. 1988) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); *Spanish Broad. Sys. v. Clear Channel Commc'ns*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial.").

This standard is readily satisfied here. If granted, the proposed amendment to Plaintiffs' Complaint would streamline the factual allegations and eliminate the claims for negligent misrepresentation and violation of the FLSA. The Third Amended Complaint introduces no new claims or parties. Rather than prejudicing RCA, the amendment would benefit all parties—as well as the Court—by narrowing the issues for trial and promoting judicial efficiency.

Moreover, discovery has been extended and remains ongoing, and neither party has filed a motion for summary judgment. In light of these circumstances,

permitting the amendment serves the interests of justice and supports the efficient administration of this case.

### III. CONCLUSION

For the above reasons, Plaintiffs' Motion for Leave to File the Amended Complaint should be granted.

This 18th day of June, 2025,

                                    Respectfully submitted,

                                    **HASSON LAW GROUP, LLP**

                                    ***/s/Keith S. Hasson***
                                    Keith S. Hasson
                                    Georgia Bar No. 336383
                                    Max S. Franco
                                    Georgia Bar No. 355592
                                    J. Tanner Lusk
                                    Georgia Bar No. 496782

3379 Peachtree Road, NE
Suite 625
Atlanta, Georgia 30326
Telephone: (678) 701-2869
keith@hassonlawgroup.com
max@hassonlawgroup.com
tanner@hassonlawgroup.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)

I hereby certify that the foregoing has been prepared in 14-point Times New Roman font, as required by Local Rule 5.1(C) for the Northern District of Georgia. The foregoing has also been prepared in compliance with the margin specifications of such Rules.

Respectfully submitted, 18thday of June, 2025.

                                          **HASSON LAW GROUP, LLP**

                                        ***/s/Keith S. Hasson***
                                        Keith S. Hasson
                                        Georgia Bar No. 336383
                                        Max S. Franco
                                        Georgia Bar No. 355592
                                        J. Tanner Lusk
                                        Georgia Bar No. 496782

3379 Peachtree Road, NE
Suite 625
Atlanta, Georgia 30326
Telephone: (678) 701-2869
keith@hassonlawgroup.com
max@hassonlawgroup.com
tanner@hassonlawgroup.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 18th, 2025, I electronically filed the within and foregoing ***MEMORANDUM IN SUPPORT OF THE PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT*** with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following counsel of record:

Steven Ryan Press
Tyler Bishop
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
3414 Peachtree Road, NE, Suite 1500
Atlanta, GA 30326
spress@bakerdonelson.com
tbishop@bakerdonelson.com

*Counsel for Defendant*

This 18th of June, 2025.

          **HASSON LAW GROUP, LLP**

          */s/Keith S. Hasson*
          Keith S. Hasson
          Georgia Bar No. 336383
          Max S. Franco
          Georgia Bar No. 355592
          J. Tanner Lusk
          Georgia Bar No. 496782

3379 Peachtree Road, NE
Suite 625
Atlanta, Georgia 30326
Telephone: (678) 701-2869

keith@hassonlawgroup.com
max@hassonlawgroup.com
tanner@hassonlawgroup.com