# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

| | |
|---|---|
| Richard Irving Beckman and Kari Ann Beckman<br>*Plaintiff*<br>v.<br>Regina Caeli, Inc. a/k/a Regina Caeli Academy<br>*Defendant* | Civil Action No. 1:23-cv-06000-SEG |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: St. Raphael Tour Company LLC
14863 Estella Lane, Manassas, VA 20112

*(Name of person to whom this subpoena is directed)*

☒ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

As an alternative to producing the requested documents at the location below, you may email them to Tyler Bishop at tbishop@bakerdonelson.com

| Place: | Baker Donelson<br>901 K. Street NW, Suite 900<br>Washington, DC 20001 | Date and Time:<br>09/09/2025  10:00 a.m. |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/05/2025

CLERK OF COURT
OR
/s/ Steven R. Press

_____           _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Regina Caeli, Inc. aka Regina Caeli Academy , who issues or requests this subpoena, are:

Steven R. Press, 3414 Peachtree Rd, NE, Ste 1500, Atlanta, GA 30326   spress@bakerdonelson.com
Ph. (404) 577-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-cv-06000-SEG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
# DEFINITIONS

1. "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), WhatsApp messages, Signal messages, all messages on any social media platform, calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, receipts, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "document" refers to any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to

secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

2. "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

3. The "Company," "You," or "Your" as used herein, means St. Raphael Tour Company LLC, the party to whom this Subpoena is addressed, and any of its employees, representatives, assigns, agents, and any other person or entity acting or purporting to act on behalf of or under the control or direction of any of the foregoing.

4. The terms "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of the interrogatory.

5. The terms "all," "any," or "each" encompass any and all of the matter discussed.

6. The use of singular form includes plural and vice versa.

7. The use of present tense includes past tense and vice versa.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of Tyler P. Bishop, Baker Donelson, 3414 Peachtree Road, NE, Ste 1500, Atlanta, GA 30326, on or before the date set for production.

2. All documents are/information is to be produced as kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there is/are no Documents in response to a particular request or if you withhold any responsive Documents or categories of Documents based on any objections, you shall state so in writing.

3. Electronically stored information (ESI) may be initially produced in PDF format or the format kept in the ordinary course of business, except for Excel and PowerPoint files which shall be produced in native format. All email files shall include metadata sufficient to identify the custodian, sender, recipient, date sent, any attachments and modification history. Northpoint reserves the right to request the native version of any document produced by You.

4. These requests require production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates,

partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of those documents.

5. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

6. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege, work product, or other business confidentiality or trade secret protection, set out separately for each document:

    (a) the ground of privilege or protection claimed;

    (b) each and every basis under which the document is withheld;

    (c) the type of document;

    (d) its general subject matter;

    (e) the document's date; and

    (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Fed. R. Civ. P. 26(b)(5).

9. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each document, indicate the portion of the document withheld by stamping the words "MATERIAL

REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

10. If there are no documents in response to any particular request, you shall state so in writing.

11. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

12. Requests for production should be read to encompass any and all items responsive to the request.

13. These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Fed. R. Civ. P. 26(e).

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1:** All documents from Your business formation date August 4, 2024 through the present.

**DOCUMENT REQUEST NO. 2:** All documents related to the $926.00 in sales You made in 2024.

**DOCUMENT REQUEST NO. 3:** All receipts for business expenses from August 4, 2024 through the present.

**DOCUMENT REQUEST NO. 4:** All tax documents from August 4, 2024 through the present.

**DOCUMENT REQUEST NO. 5:** All marketing material or advertisements from August 4, 2024 through the present.

**DOCUMENT REQUEST NO. 6:** All personnel files from August 4, 2024 through the present.

**DOCUMENT REQUEST NO. 7:** All emails from August 4, 2024.

**DOCUMENT REQUEST NO. 8:** All calls and text messages on the Company's business phone line from August 4, 2024 through the present.

**DOCUMENT REQUEST NO. 9:** Documents showing each person with a phone on the Company's business phone line.

**DOCUMENT REQUEST NO. 10:** Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel in the Company.

**DOCUMENT REQUEST NO. 11:** Fiscal year-end, quarter-end, and month-end income statements, balance sheets, statements of cash flow, and other financial statements, including those internally generated and those externally prepared or audited, sufficient to show the Company's profits and losses from 2024 through present.

**DOCUMENT REQUEST NO. 12:** Financial documents sufficient to show any compensation of any kind (including benefits, gifts, cash, or any other form of consideration of any kind) paid to Kari Beckman from 2024 through present.

**DOCUMENT REQUEST NO. 13:** Financial documents sufficient to show any compensation of any kind (including benefits, gifts, cash, or any other form of consideration of any kind) paid to anyone from 2024 through present.

**DOCUMENT REQUEST NO. 14:** Documents showing the Company's customer acquisition process and target customers from 2024 to present.

**DOCUMENT REQUEST NO. 15:** Documents sufficient to show the names of Your customers from 2024 to present.